AO 472 (Rev. 3/86) Order of Detention Pending Trial
================================================================================

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 06-61-P-H** |
| | ) | |
| **AMAR ABDI,** | ) | |
| **Defendant** | ) | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C., Section 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]   (1)   The defendant is charged with an offense described in 18 U.S.C. Section 3142(f)(1) and has been convicted of a (federal offense)(state of local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

   [ ] a crime of violence as defined in 18 U.S.C. Section 3156(a)(4).
   [ ] an offense for which the maximum sentence is life imprisonment or death.
   [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
   [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. Section 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]   (2)   The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]   (3)   A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

[ ]   (4)   Findings Nos. (1)(2) and (3) establish a rebuttable presumption that no condition or combination or combinations of conditions will reasonably assure the safety of (an) other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

**Alternate Findings (A)**

[X]    (1)    There is probable cause to believe that the defendant has committed an offense
         [X]    for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
         [ ]    under 18 U.S.C. Section 924(c).
[ ]    (2)    The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternate Findings (B)**

[X]    (1)    There is a serious risk that the defendant will not appear.
[X]    (2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

The defendant is charged by indictment with (i) distribution of a mixture or substance containing cocaine base ("crack cocaine") and (ii) distribution of 5 grams or more of a mixture or substance containing crack cocaine, both in violation of 21 U.S.C. § 841(a)(1). On the first charge, the defendant is exposed to a maximum term of imprisonment of 20 years. On the second charge, he is exposed to a mandatory minimum term of imprisonment of 5 years and a maximum term of 40 years. The government has invoked the presumption contained in 18 U.S.C. § 3142(e) and seeks to have the defendant detained both as a risk of flight and a danger to the community.

At the detention hearing, the defendant relied on the pretrial services report which reflected the pretrial services officer's opinion that both risk of flight and community dangerousness could be addressed through conditions of release that included a requirement that the defendant reside with his father at the latter's residence in Portland.

The defendant has rebutted the presumption contained in 18 U.S.C. § 3142(e) as it relates both to risk of flight and danger to the safety of the community. The effect of the rebuttal is to relieve the defendant of the burden of production. *United States v. Jessup*, 757 F.2d 378, 386 (1st Cir. 1985). Despite the rebuttal, I am nevertheless required to keep in mind the fact that Congress has found that "flight to avoid prosecution is particularly high among persons charged with major drug offenses." S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983); *Jessup* at 384. The legislative history also reveals that, in establishing the statutory presumption that "no condition or combination of conditions will reasonably assure . . . the safety of the community . . .," 18 U.S.C. § 3142(e), Congress specifically had in mind defendants alleged to be involved in drug trafficking: "The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" S. Rep., *supra* at 13. The statutory presumption was created partly because of concern for a high degree of pretrial recidivism. *Id*. at 20. *Jessup* teaches that the presumption not only imposes a burden on the defendant to come forward with evidence to rebut this danger, but also requires the court in assessing any such evidence to pay heed to the congressional concerns.

2

The defendant, age 25, was born in Somalia and resided there until he, his father and six siblings entered the United States in June 2000. The defendant initially took up residence in Atlanta. Following his marriage in 2003, he and his wife moved to Portland where his father was already living. The defendant resided in Portland until June 2006 when he moved to his present residence in Charlotte, North Carolina. The defendant's wife and two children, both of whom were born in Portland, now live in North Carolina, as do his four sisters. His two brothers reside in Georgia. The defendant's mother is believed to have remained in Africa. The defendant has had no contact with her in 10-13 years.

The defendant reported to pretrial services that he was employed by a painting company for six months while living in Charlotte, North Carolina and that he can return to any of three jobs he held while living in Portland. Two of those jobs are with painting contractors who verified that the defendant would be welcome to rejoin their workforces provided they had sufficient work. The third employer, 7-Eleven, confirmed that the defendant could return to his old job.

The defendant denies any substance abuse issues. His criminal history discloses three arrests in Portland for assault, terrorizing and carrying a concealed weapon. Two of those arrests occurred while the defendant was on state bail. There are presently two active warrants outstanding for the defendant's arrest for failure to appear in court. At the hearing, the defendant presented evidence that the alleged victim in one of the assault charges wishes to drop the charge, claiming that he and the defendant are friends who simply had a misunderstanding. The defendant has been convicted of criminal trespass in Maine District Court (Portland).

Insofar as the present federal charges are concerned, the evidence against the defendant is strong. Special DEA agent Katherine Barnard testified that both charges are based on hand-to-hand sales the defendant made to her acting in an undercover capacity. Both sales involved crack cocaine, one of which involved a quantity in excess of 5 grams and the other of which involved the sale as well of a gun and ammunition.

Agent Barnard also testified that, as an immigrant, the defendant would become deportable if convicted. She explained that the immigration service would initiate deportation proceedings against the defendant following his release from any imposed prison term. She conceded that at this time no one is being deported to Somalia. But, as government counsel argued, that could change by the time the defendant completes a prison sentence.

It was clarified at the hearing that, in fact, the defendant cannot reside with his father at his father's apartment because the latter lives in subsidized housing that prohibits such an arrangement. The defendant's counsel proposed, as an alternative, that the defendant reside in his own apartment in Portland, to be rented with the financial assistance of his family, and that he be on home detention and electronic monitoring there.

In the circumstances, where the defendant is charged with serious drug trafficking offenses, faces significant mandatory prison time and possible deportation, any conditions of release would have to include reliable third-party supervision. The defendant's proposal does not satisfy that requirement and I am not aware of any available suitable third-party custodian with whom the defendant can reside who can provide that supervision.

Taking into consideration the congressional concerns that underlie the statutory presumption, including drug trafficking recidivism, as well as all of the available information concerning the factors listed in 18 U.S.C. § 3142(g), I find by a fair preponderance of the evidence that the defendant poses a serious flight risk and that there are no available conditions of release that will reasonably assure his appearance as required.  I also find, by clear and convincing evidence, that the defendant poses a danger to the safety of the community and that there are no conditions that will reasonably assure community safety  I therefore ***ORDER*** that the defendant be detained pending trial.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend possible, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 21, 2007

/s/ David M. Cohen
David M. Cohen
U.S. Magistrate Judge